AO 472  (Rev. 3/86)  Order of Detention Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

v

PAUL NUTALL
_____/

CASE NO:  08-20444

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

**ORDER OF DETENTION PENDING TRIAL**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I find that the following facts require the detention of the Defendant pending trial in this case.

**Part I—Findings of Fact**

Does not apply.

**Alternative Findings (A)**

Does not apply.

**Alternative Findings (B)**

There is a serious risk that the Defendant will not appear.

**Part II—Written Statement of Reasons for Detention**

The Government moves for detention pursuant to 18 U.S.C. § 3142 and states that none of the presumptions in favor of detention apply. I therefore consider the Defendant's circumstances under the factors set forth in subsection § 3142(g).

As to the factors set forth in subsection (g)(1) and (g)(2), I find that the offense charged involves the passing of fraudulent checks. The grand jury having returned an Indictment, I find there is a definite weight of evidence supporting the charges against the Defendant.

As to § 3142(g)(3), I find that the Defendant is currently 40 years of age. The Defendant lived in the Vassar, Michigan, area for approximately of 15 years, most recently with his girlfriend, who is

also described in the Pretrial Services report as his fiancee. However, for the seven months immediately preceding his arrest on these charges, the Defendant had been living in Texas. The Pretrial Services report also states that the Defendant has used at least two different dates of birth, two different Social Security numbers and at least one alias.

In August, 2007, a warrant was issued for the Defendant's failure to appear at a pretrial conference on a charge of identity theft in Tuscola County. Three weeks later, the Defendant was charged with felony flight to avoid prosecution. One month later, three civil warrants were filed in Bay County against the Defendant for failure to appear on charges of delinquent child support. In 1993, the Defendant was convicted of theft in Texas, and was sentenced to one year of custody. The length of this sentence indicates that the charge against the Defendant was a felony. In November, 2005, the Defendant was charged with obstructing justice. He pled guilty to a reduced charge and paid a fine. In 2007, the Defendant was charged with felony forgery and counterfeiting. A bench warrant was issued for the Defendant's failure to appear for a pretrial conference. This warrant is one of the warrants earlier described.

The Assistant United States Attorney proffers that the Defendant has, in effect, been a fugitive from justice for at least a year prior to his apprehension on these charges. While I appreciate the fact that the Defendant's mental health problems can be controlled through the use of medication, I am forced to conclude that the Defendant poses a serious risk of flight due to his failure to appear on multiple occasions, his use of aliases, false Social Security numbers and false birth dates. Furthermore, although the Defendant's girlfriend is willing to act as a third-party custodian, it is clear to me from the Defendant's own conduct that it would be inappropriate to place upon any third-party custodian the unique combination of responsibilities that would be required under the Bail Reform Act in this case. In addition, these charges are likely the most serious criminal charges the Defendant has ever faced, and I conclude that if given the opportunity, there is a very high likelihood that the Defendant would flee, as he has done in the past. As a result, I find there are no conditions nor any combination of conditions which I believe would reasonably assure the Defendants appearance. Accordingly, the Government's motion to detain will be granted.

**Part III—Directions Regarding Detention**

     The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

                                  s/ *Charles E. Binder*
                                  CHARLES E. BINDER
Dated: July 13, 2009               United States Magistrate Judge


### CERTIFICATION

     I hereby certify that this Order was electronically filed this date, electronically served on Shane Waller and Ken Sasse, and served on Pretrial Services and the U.S. Marshal's Service by other electronic means.

Date: July 13, 2009         By    s/*Jean L. Broucek*
                                     Case Manager to Magistrate Judge Binder